IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01636-REB-KLM

JOHN THOMAS BLACK, JR.,

   Plaintiff,

v.

C/O WILLS,
C/O STARBUCK, and
NURSE DOURTE,

   Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend** [Docket No. 16; Filed August 25, 2010] (the "Motion"). The action was brought pursuant to 42 U.S.C. § 1983.

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

1

futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff seeks to add the Weld County Sheriff's Department as a Defendant. The amendment would be futile because the Sheriff's Department is not a separate entity from Weld County and, thus, is not a person for purposes of a § 1983 action. *See Stump v. Gates*, 777 F. Supp. 808, 814-816 (D. Colo. 1991), *aff'd* 986 F.2d 1429 (10th Cir. 1993). Therefore, the Weld County Sheriff's Department would be subject to dismissal as a party.

Based on the foregoing, the Motion [#16] is **DENIED**.

Dated: August 27, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge