IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01636-REB-KLM

JOHN THOMAS BLACK, JR.,

    Plaintiff,

v.

C/O WILLS,
C/O STARBUCK, and
NURSE DOURTE,

    Defendants.
_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte*. On November 29, 2010, the Court ordered Plaintiff to do the following on or before December 20, 2010: (1) file a motion for leave to file a third amended complaint pursuant to the Court's instructions set forth in its Minute Order [Docket No. 37] of November 18, 2010; and (2) respond to the Court's Order to Show Cause [Docket No. 22] of October 12, 2010. *Minute Order* [Docket No. 39]. To date, Plaintiff has done neither. Accordingly, as set forth below, the Court **RECOMMENDS** that Plaintiff's claims against Defendants Starbuck and Dourte be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m).

Plaintiff filed this case *pro se* on July 12, 2010. *Complaint* [Docket No. 3]. He amended his Complaint on July 28, 2010. *Second Amended Complaint* [Docket No. 7]. On August 8, 2010, District Judge Robert E. Blackburn issued an Order Requiring Service

by United States Marshal [Docket No. 11]. On August 11, 2010, the Summons for Defendants Starbuck and Dourte were returned unexecuted, each with a notation that Weld County does not employ any officers with those last names. *Process Receipt and Return* [Docket Nos. 13 and 14].

While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for a plaintiff proceeding *in forma pauperis*, the plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unreported decision). Accordingly, on October 12, 2010, the Court ordered Plaintiff to show cause why the case against Defendants Starbuck and Dourte should not be recommended for dismissal pursuant to Fed. R. Civ. P. 4(m) and 41(b). *Order to Show Cause* [#22]. Plaintiff was granted until October 26, 2010, to properly serve Defendants Starbuck and Dourte, respond and show good cause for failing to serve Defendants Starbuck and Dourte, or provide a current address for Defendants Starbuck and Dourte to allow the United States Marshal to effect service. *Id.*

Plaintiff did not appropriately respond to the Court's Order [#22] before the expiration of the October 26 deadline. However, on November 17, 2010, Plaintiff tendered a Third Amended Complaint [Docket No. 35] in which he sought to amend, *inter alia*, the list of named Defendants in this case. The named Defendants listed in Plaintiff's tendered Third Amended Complaint did not include Defendants Starbuck and Dourte. Although Plaintiff's Third Amended Complaint [#35] was stricken, *see Minute Order* [Docket No. 37], it evidenced Plaintiff's intent to voluntarily dismiss Defendants Starbuck and Dourte from this case. Accordingly, the Court issued a Minute Order [#39] on November 29, 2010 requiring Plaintiff to file a motion for leave to file a third amended complaint on or before December

20, 2010.  The Court also extended the deadline for Plaintiff to respond to the Order to Show Cause [#22] to December 20, 2010.  Plaintiff was ordered to respond to the Order to Show Cause [#22] by doing one of the following: "(1) file a motion for leave to file a third amended complaint that does not include Defendants Starbuck and Dourte; (2) show good cause in writing for failing to serve Defendants Starbuck and Dourte; or (3) provide a current address for Defendants Starbuck and Dourte to allow the United States Marshal to effect service."  *Minute Order* [#39] at 1-2.

Plaintiff has not been in contact with the Court since the issuance of the Minute Order [#39] on November 29, 2010.  Plaintiff is therefore in violation of two Court Orders [#22 and 39], and he has not provided sufficient information to enable the United States Marshal to serve Defendants Starbuck and Dourte.  At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendants Starbuck and Dourte.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here.  This case has been pending since July 2010.  Plaintiff failed to effect service of Defendants Starbuck and Dourte within one-hundred and twenty days of the filing of this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the case against unserved Defendants.  *Order to Show Cause* [#22]; *see generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB,

2008 WL 410596, at *3 n.4 (D. Colo. Feb. 13, 2008) (unreported decision).  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#22] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that any future motions by Plaintiff to amend his Second Amended Complaint [Docket No. 7] will be untimely and subject to denial on that basis.

I respectfully **RECOMMEND** that Plaintiff's claims against Defendants Starbuck and Dourte be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 3, 2011

> BY THE COURT:
>
> s/ Kristen L. Mix

Kristen L. Mix
United States Magistrate Judge