IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01636-REB-KLM

JOHN THOMAS BLACK, JR.,

    Plaintiff,

v.

C/O WILLS,
C/O STARBUCK, and
NURSE DOURTE,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reconsider Motion to Santion [sic]** [Docket No. 51; Filed February 17, 2011] (the "Motion"). Plaintiff seeks reconsideration of the Court's Minute Order [Docket No. 48] denying his Motion to Sanction Defendants for Intentionally Destroying Requested Discovery Material [Docket No. 48]. The Court explained in its Order [#48] that Defendants have stated under oath that "the video footage requested by Plaintiff simply does not exist." *Minute Order* [#48] at 2. In his instant Motion, Plaintiff asserts just one basis for reconsideration: he stubbornly insists, without any evidentiary support, that the video footage does – or did at one time – exist. *See Motion* [#51] at 1 ("There was a camera pointed directly at the deputy while he conducted procedures as to fully restring [sic] plaintiff with his arms behind his back and his legs restrained."). Plaintiff apparently fails to understand that simply alleging that he saw a "camera" does not establish that the device he observed was actually a functioning camera, that it was working properly, and that it was actually shooting video that was being recorded (as opposed to merely providing a real time feed for closed circuit television monitoring).

    A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57

F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff has put forward no evidence that was unavailable at the time the Court issued its prior Order [#48]. Indeed, the Motion does not put forward *any* evidence indicating that the video footage requested by Plaintiff exists or ever existed. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated: February 18, 2011