IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01636-REB-KLM

JOHN THOMAS BLACK, JR.,

    Plaintiff,

v.

C/O WILLS,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [Docket No. 57; Filed March 31, 2011] (the "Motion").  Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 60] in opposition to the Motion on April 25, 2011.  Defendant has not filed a Reply.  Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#57] be **GRANTED**.

### I.  Summary of the Case

On July 28, 2010, Plaintiff filed a Second Amended Complaint [Docket No. 7] in which he claims that Defendant violated the rights guaranteed to him by the Eighth Amendment to the United States Constitution by (1) leaving him alone in his cell in

handcuffs and leg irons for six hours, and (2) refusing to get him medical attention after he fell to the floor of his cell and injured his back and right elbow.[1]  Plaintiff's claims are based on the following undisputed facts.  On September 24, 2008, Plaintiff was incarcerated at the Weld County Jail.  *Second Amended Complaint* [#7] at 5.  Defendant was a Deputy in the Weld County Sheriff's Department assigned to the Jail.  *Id.* at 2.  At approximately 8:10 a.m., Defendant came to Plaintiff's cell to conduct a cell inspection.  *Id.* at 5; *Motion* [#57] at 3; *Deposition of John Black* (hereinafter, the "*Deposition*") [Docket No. 57-1] at 24.  Prior to conducting the inspection, Defendant placed Plaintiff in a "double man restraint," i.e., he handcuffed Plaintiff's arms behind his back and locked Plaintiff's legs in irons.  *Second Amended Complaint* [#7] at 5; *Motion* [#57] at 3.  During the inspection, Plaintiff and Defendant argued about rules and protocol at the Jail.  *See Second Amended Complaint* [#7] at 5 ("[Defendant] told me to have my orange shirt on tomorrow when he and C/O Starbuck came to do [their] inspection.  I told the two officers I didn't have to."); *Deposition* [#57-1] at 20; *Motion* [#57] at 3.  Defendant told Plaintiff that if he did not stop arguing, he would be left in the double man restraint.  *Motion* [#57] at 3; *Deposition* [#57-1] at 20 ("[Defendant] said, 'I'll leave you cuffed up.'").  Plaintiff responded, "I wish you would." *Deposition* [#57-1] at 20.  Defendant then left Plaintiff's cell, and Plaintiff remained in the double man restraint.

Approximately eighteen minutes after Defendant left, Plaintiff stood up from his bed

---

[1] Plaintiff also alleged constitutional violations by "C/O Starbuck" and "Nurse Dourte." *Second Amended Complaint* [#7] at 1.  On April 21, 2011, the Court dismissed Plaintiff's claims against these individuals and dropped them as parties to this case.  *Order* [Docket No. 59]; *see also Recommendation of United States Magistrate Judge* [Docket No. 40].  Accordingly, the only claims remaining in this case are Plaintiff's two Eighth Amendment claims against Defendant.

to walk to the toilet. *Motion* [#57] at 4; *Deposition* [#57-1] at 24 & 34. As Plaintiff took a step, he tripped on the chain of the leg irons and fell to the floor of his cell. *Deposition* [#57-1] at 34 ("I got up and when I got up, took a step, that's when I was standing on the chain and I fell."); *id.* at 10 ("[There is] a little chain between the two [ankle] cuffs, and when I got up, I stepped, and, evidently, my feet got caught against the chain and I fell."). Plaintiff's right elbow and shoulder hit the floor. *Id.* at 10 ("I think I fell on my right. And I tried to stop my head from hitting the floor, and that's how I hit my elbow and my shoulder.").

Shortly after Plaintiff fell, a nurse walked through the hallway in front of Plaintiff's cell. *Id.* at 21 & 24. Plaintiff asked the nurse for "some medical attention" because of the fall. *Id.* After Plaintiff described the fall and how he felt, the nurse gave him two Tylenol. *Id.*; *Motion* [#57] at 4. Approximately six hours later, at around 2:25 p.m., the nurse returned to Plaintiff's cell to check on him. *Deposition* [#57-1] at 25; *Second Amended Complaint* [#7] at 6. After speaking with Plaintiff, the nurse instructed officers at the Jail to remove the double man restraint. *Deposition* [#57-1] at 25.

Seven days later, on October 1, 2008, Plaintiff had an appointment with a doctor in the Jail to seek treatment for pain that resulted from his fall. *Id.* at 8 & 46; *Second Amended Complaint* [#7] at 6. The doctor prescribed Elavil. *Deposition* [#57-1] at 8.

Plaintiff alleges that he injured his back and his right elbow when he fell. *Second Amended Complaint* [#7] at 5. It is undisputed that Plaintiff suffers no injury or harm today as a result of the fall. *Motion* [#57] at 5 (citing *Deposition* [#57-1] at 9-10). Plaintiff seeks four million dollars to compensate him for the "physical and emotional injuries" and the "mental distress" he suffered as a result of his fall. *Second Amended Complaint* [#7] at 8.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission*

*Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Second Amended Complaint [#7] and Response [#60], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A. Use of Double Man Restraint

Plaintiff first contends that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by leaving him in a double man restraint for approximately six hours. *Second Amended Complaint* [#7] at 5. Plaintiff argues that leaving him in the double man restraint caused the alleged injuries to his back and right

elbow: "[Defendant] was the cause of my injuries. Without him leaving me in my cell like that, double cuffed, if he would have uncuffed me . . . the injuries never would have occurred." *Deposition* [#57-1] at 47. Defendant contends that leaving an inmate in a double man restraint in his cell for six hours does not violate the Eighth Amendment as a matter of law. *See Motion* [#57] at 10 ("There is no statute or case law that prohibits a prisoner from being placed in handcuffs for six hours."). Moreover, Defendant contends that the undisputed facts establish that Plaintiff's alleged injuries "were the direct result of his voluntary movements around his cell." *Motion* [#57] at 8. In short, Defendant argues that he cannot be liable for Plaintiff's alleged injuries because "Plaintiff injured himself." *Id.*

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. "To make out an Eighth Amendment violation a plaintiff must show a serious deprivation of 'the minimal civilized measure of life's necessities' and 'offending conduct [that is] wanton.'" *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Sanders v. Hopkins*, 131 F.3d 152, 1997 WL 755276, at *2 (10th Cir. 1997) (unpublished table decision) ("One of the elements that a plaintiff must establish in order to state a claim under the Eighth Amendment, when conditions of confinement are at issue, is that a prison official acted with deliberate indifference to the inmate's health or safety." (citation omitted)). Importantly, "the Constitution does not require that prisoners be comfortable," and "[c]onditions of confinement that do not fall below contemporary standards of decency are constitutional." *Cunningham v. Eyman*, 17 F. App'x 449, 454 (7th Cir. 2001) (citation omitted). Thus, "physical restraints are constitutionally permissible where there is a legitimate penological justification for their use." *Garraway v. United*

*States*, No. 04-cv-01049-EWN-PAC, 2006 WL 3054606, at *6 (D. Colo. July 24, 2006) (unreported decision) (Recommendation of United States Magistrate Judge); *see also Saleh v. Ray*, No. Civ.A.02-3241-CM, 2003 WL 23484639, at *6 (D. Kan. Nov. 12, 2003) (unreported decision) ("[T]he placement of [inmates] in ambulatory restraints to quell a prison disturbance does not amount to cruel and unusual punishment.").

The parties have not provided and the Court has not located a decision by the Court of Appeals for the Tenth Circuit that squarely addresses the use of a double man restraint for a prolonged period of time. However, at least one federal appellate court has conclusively held that placing a prisoner in a double man restraint, even for a period of time four times longer than that at issue here, does not violate the Eighth Amendment. In *Key v. McKinney*, the Court of Appeals for the Eighth Circuit stated as follows: "In this case, [plaintiff] was in handcuffs and leg shackles for twenty-four hours after being accused of throwing liquid on a guard while on a work detail outside the prison. . . . While the shackles made it more difficult to sleep and to relieve himself, he has not shown that he suffered a serious deprivation of 'the minimal civilized measure of life's necessities.'" 176 F.3d at 1086 (quoting *Wilson*, 501 U.S. at 298); *accord Saleh*, 2003 WL 23484639, at *6 (stating that "the fact that plaintiff remained in ambulatory restraints for eighteen hours to twenty-four hours does not, itself, rise to the level of an Eighth Amendment violation," and noting that "plaintiff was free to move about in his cell"); *Cunningham*, 17 F. App'x at 454 (7th Cir. 2001) ("[Plaintiff] spent 16 hours in shackles and four to five hours in soiled clothing. Though certainly unpleasant, these hardships were temporary and . . . they were not of sufficient severity to implicate the Eighth Amendment." (citations omitted)). Moreover, the Court of Appeals for the Tenth Circuit has held that "[r]equiring an inmate who is in

disciplinary segregation to shower in handcuffs and ankle shackles does not evince deliberate indifference to an inmate's health or safety" such that it violates the Eighth Amendment. *Sanders*, 1997 WL 755276, at *2 (citations omitted).

Based on this precedent, the Court finds that Defendant did not violate the Eighth Amendment by placing Plaintiff in a double man restraint and leaving him in his cell for six hours. The Court agrees with Defendant that it is not irresponsible to place an "insubordinate prisoner in handcuffs until [he] demonstrate[s] calmer behavior." *Motion* [#57] at 11; *see also id.* at 9 ("Plaintiff's inappropriate behavior led [Defendant] to act reasonably and restrain Plaintiff until he was ready to comply with the jail's protocol."). "[M]aintaining jail security is a legitimate governmental purpose." *Sanders*, 1997 WL 755276, at *2. "Prison officials have wide discretion to determine what measures should be taken in order to preserve order and security." *Id.* Determining that a particular inmate poses a security risk or a challenge to order and consequently "requiring that inmate to wear ankle and wrist restraints is certainly within that discretion." *Id.* Accordingly, the Court recommends that summary judgment be entered in favor of Defendant and against Plaintiff on Plaintiff's first claim.

### B. Alleged Refusal of Medical Attention

Plaintiff claims that Defendant violated the Eighth Amendment by exhibiting deliberate indifference to his need for medical attention after he fell to the floor of his cell and injured his back and right elbow. Plaintiff alleges that he "informed [Defendant] and Officer Starbuck of the injuries but the two officers refused to get [him] medical attention." *Second Amended Complaint* [#7] at 4. He also alleges that Defendant instructed the nurse who visited his cell not to provide him with medical care. *Id.* at 6.

Defendant contends that he did not refuse to get Plaintiff medical attention after Plaintiff fell. In support of this contention, Defendant points to the fact that "[w]ithin twenty minutes of [the] fall, a Weld County nurse was at Plaintiff's cell." *Motion* [#57] at 9. Defendant states that the "nurse was able to see and hear Plaintiff's complaints about being restrained and being in pain." *Id.*; *id.* at 10 ("Plaintiff was given the opportunity to express his discomfort to the nurse."). Defendant asserts that the nurse exercised independent judgment about Plaintiff's condition and appropriate treatment, and that he "was never in charge of what medical treatment was received by inmates." *Id.* at 9; *see also id.* at 10 ("For that matter, there is no basis for concluding that anything said by [Defendant] could even cause a nurse to do anything.").

The Court finds that Plaintiff has provided no competent summary judgment evidence in support of his allegations that Defendant (1) refused to obtain medical attention for him, and (2) interfered with the treatment provided by a nurse. It is undisputed that Plaintiff spoke with a nurse at his cell within twenty minutes of his fall. It is also undisputed that the nurse provided him with Tylenol. These facts belie Plaintiff's claim that he was refused medical attention. *See, e.g.*, *Inman v. Stock*, 248 F. App'x 892, 895 (10th Cir. 2007) (holding that defendants were not deliberately indifferent when an inmate was made to wait three days before seeing a physician's assistant to request treatment for injuries suffered in a fall); *see generally Youmans v. Gagnon*, 626 F.3d 557, 564-66 (11th Cir. 2010) (collecting cases regarding delays in providing medical treatment and finding that a four hour delay in treating cuts that ultimately did not require stitches did not amount to "deliberate indifference"). Moreover, Plaintiff admits that he has no evidence that Defendant influenced or controlled the nurse's treatment decision. Plaintiff states that he

"*assumed* that [the nurse dispensed only Tylenol] because of what [Defendant] told [the nurse]." *Deposition* [#57-1] at 45 (emphasis added); *see also id.* at 46 ("Q: But you're assuming all along; am I right? A: Yes."). Plaintiff also agrees with Defendant that "all the nurse is ever authorized to do" when confronted with complaints of pain is to dispense Tylenol and instruct the complaining inmate to file a formal request – referred to as a "kite" in jailhouse lingo – for consultation with a doctor. *Id.* at 44-45; *see Inman*, 248 F. App'x at 893 (finding no Eighth Amendment violation when a prisoner who "slipped on an icy sidewalk and injured his hand and knee . . . sought immediate medical assistance and was told to submit a 'kite' and wait to be seen").

Because Plaintiff has not provided any competent summary judgment evidence in support of his allegations and has admitted that he received the standard level of medical attention afforded to inmates at the Weld County Jail who complain of pain, the Court finds that no reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Bones*, 366 F.3d at 875 (explaining that conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence). Accordingly, the Court recommends that summary judgment be entered in favor of Defendant and against Plaintiff on Plaintiff's second claim.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's **Motion for Summary Judgment** [#57] be **GRANTED** and judgment be entered in favor of Defendant and against Plaintiff.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 9, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge